# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| SUN CHENYAN | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 20-cv-220 |
| | ) | |
| v. | ) | **Judge Jorge L. Alonso** |
| | ) | |
| THE PARTNERSHIPS AND | ) | **Mag. Judge M. David Weisman** |
| UNINCORPORATED | ) | |
| ASSOCIATIONS IDENTIFIED ON | ) | |
| SCHEDULE "A" | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## SUN CHENYAN'S OPPOSITION TO NON-PARTY CONTEXTLOGIC INC., D/B/A WISH'S MOTION FOR EXTENSION OF EXPEDITED DISCOVERY DEADLINE

**NOW COMES**, Sun Chenyan, Plaintiff in the above styled civil action, (hereinafter "Sun Chenyan" or "Plaintiff"), by and through her counsel, Ford Banister IP, and for her opposition to the motion for an extension of time Non-Party ContextLogic Inc., D/B/A Wish (hereinafter, "Wish" or "Movant") states as follows:

1.      In order to combat widespread counterfeiting of unauthorized goods bearing her federally registered SU.CHENY Trademark, U.S. Trademark Registration No.   5,799,337 (hereinafter, the "SU.CHENY Mark") and/or utilizing her copyright protected creative works assigned Copyright Registration No. VA 2-111-313 and/or VA 2-133-857 (hereinafter, the "SU.CHENY Works"), Plaintiff filed the instant civil action on January 13, 2020. [Doc. 1]

2.      On January 14, 2020, Plaintiff moved for expedited discovery so that she might identify and ascertain the location of  Defendants and determine, to the greatest extent possible,

the relationships between Defendants, the interworking of their counterfeiting network and the scope of each Defendant's infringements and the profits derived therefrom. [Doc. 14]

3.     This Court granted Plaintiff's motion for expedited discovery on January 21, 2020. [Doc. 20] However, the notice was not mailed until Friday, January 24, 2020. [Id.]

4.     Plaintiff timely noticed Wish of the expedited discovery order on or about Monday, January 27, 2020.[1] Plaintiff's notice, attached hereto as Exhibit 1, includes the notice of electronic filing showing the time of entry of the order for expedited discovery. [Id.] With its initial notice, Plaintiff informed Wish that the Order required production broader than previous orders and that production must be certified by the custodian of records.

5.     Plaintiff followed up on or about Wednesday, January 29, 2020 to provide a spreadsheet containing columns for all requested information. Specifically, Plaintiff sought to discover the following information: 1) Merchant Real Individual/Company Name; 2) Email Address; 3) Physical Address; 4) Government Issued ID/Business License; 5) Telephone No.; 6) Product Listed ID; 7) Product Lifetime Units Sold; 8) Revenues Derived from Sales of Infringing Products; 9) Information Regarding Defendants' Shipping Methods and 10) Information Regarding Defendants' Payment Accounts.

6.     The information requested by Plaintiff pertains only to the listings shown on sealed Schedule A. [Doc. 4]

7.     On or about Thursday, January 30, 2020, Wish responded to Plaintiff's requests. However, Wish did not produce the following information: 4) Government Issued ID/Business

---

[1] Plaintiff refers to the date shown on the email contained in Exhibit A out of an abundance of caution and in order to avoid any confusion. However, the dateline reflects Beijing time rather than CST. Beijing is fourteen hours ahead of CST.

License; 5) Telephone No.; 9) Information Regarding Defendants' Shipping Methods and 10) Information Regarding Defendants' Payment Accounts. Movant's response was not and has not, to date, been certified by the custodian of records.

8.     On the date of production, Wish requested an extension of time to February 17, 2020, "by which ContextLogic *may* produce additional information and, if we are not able to reach agreement as to the balance of information to be produced, file an objection to the order with the Court?" [Emphasis Added]

9.     Plaintiff respectfully submits that the Court should note that Wish does not merely seek an extension of time to provide discoverable information but instead seeks an extension of time in order to marshall prospective objections, none of which are articulated in its motion or which have been conveyed to Plaintiff.

10.     Plaintiff further submits that the fact that Wish has already responded to provide Plaintiff with six of the ten categories of information requested shows that Wish has accessed each Defendant's account to obtain certain information. Having done so, Defendants cannot be heard to argue that it is overly burdensome for them to provide complete information. In fact, by not initially providing all information requested by Plaintiff, Wish has acted in the most inefficient manner possible, creating a situation where it will have to access each Defendants' account at least a second time.

11.     Movants' reference to "internal delays caused by business closures in observance of the Chinese New Year" [Doc. 22 at ¶ 5] in support of its request for additional time to object must fail as clearly Wish is a U.S. based company with U.S. based counsel whose ability to posit objections within five business days is in no way affected by this circumstance. Moreover, in

2017, Wish was valued at over $8 billion, which is more than the market value of three of the largest traditional retailers in the U.S.[2] Wish clearly has the resources to devote to timely meeting its obligation to comply, completely and fully, with Court orders but has instead chosen posit untimely and unfounded objections.

12. While Wish submits that it "takes the Court's Order seriously," and "will continue to work as diligently as possible either to comply with it or, as appropriate, meet-and-confer with Plaintiff's counsel regarding potential limitations on the information and documents," [Id. at ¶ 7] Wish presents no reason why it did not confer, or even attempt to confer, with Plaintiff prior to filing the instant motion nor, again, does it allude to any grounds upon which it might base an objection to the very reasonable requests for information which are clearly authorized by this Court's expedited discovery order.

13. This Court's published case processing orders state that "Judge Alonso discourages the filing of discovery motions; the parties can and should work out most discovery disputes. The court will not hear or consider any discovery motion or non-dispositive dispute unless the movant has complied with the "meet and confer" requirement of Local Rule 37.2. The motion must state with specificity when and how the movant complied with Local Rule 37.2. Parties are reminded that compliance with Local Rule 37.2 requires a good-faith effort to resolve discovery disputes and communication that takes place face-to-face or by telephone. **The exchange of correspondence will normally not be sufficient to comply with Local Rule 37.2.**"

---

[2] See Olson, *Parmy, At $8.5 Billion, Shopping App 'Wish' Is Now Worth More Than Sears, Macy's And JC Penney Combined*, Forbes, September 20, 2017. Available at https://www.forbes.com/sites/parmyolson/2017/09/20/wish-8-billion-funding-amazon/#601dd3b361e1. (Last Retrieved on February 2, 2020)

14.     Movant not having even attempted to comply with LR. 37.2 and this Court's published case processing orders, Plaintiff respectfully submits that, consistent with these rules, the Court should deny the motion without hearing. Had Movant attempted to confer with Plaintiff, stated the basis for its prospective objections or attempted to explain further its position that provision of Defendants' names and addresses is within reason but a telephone number is overly burdensome, both the parties and the Court would have most likely avoided review of Movant's motion and Plaintiff's instant opposition.

## PRAYER FOR RELIEF

**Wherefore,** Plaintiff respectfully requests that the Court grant the following relief:

1)      That Movant's motion for an extension of the expedited discovery deadline be

   **DENIED**;

2)      That Plaintiff be awarded her reasonable costs and attorney fees in preparing and

   presenting  the instant opposition;

3)      Any further and additional relief that the Court deems necessary and appropriate.

Respectfully submitted this 2nd day of February, 2020,

/s/ L. Ford Banister, II
Bar No. 5446539
FORD BANISTER IP
244 5th Avenue, Ste. 1888
New York, NY 10001
Telephone: U.S No. 212-574-8107
Email: ford@fordbanister.com
*Attorney for Plaintiff*