**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SUN CHENYAN | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 20-cv-220 |
| | ) | |
| v. | ) | Judge John F. Kness |
| | ) | |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A" | ) ) ) ) ) | Mag. Judge M. David Weisman |
| Defendants. | ) ) | |

**PLAINTIFF'S OPPOSED MOTION TO SEVER PURSUANT TO FED.R.CIV.P. 21
AND INCORPORATED MEMORANDUM OF LAW**

COMES NOW, Plaintiff Sun Chenyan ("Plaintiff" hereinafter) and hereby respectfully requests for this Court to sever the Defaulting Defendants and to separately sever one of the two groups of defendants that have appeared in this action, as defined below, pursuant to Fed.R.Civ.P. 21. In support thereof, Plaintiff submits the following Memorandum of Law.

**MEMORANDUM OF LAW**

**I.    BACKGROUND AND RELEVANT PROCEDURAL HISTORY**

On January 13, 2020, Plaintiff filed her suit against one-hundred and seventeen (117) defendants alleging violations of 15 U.S.C. §114 (trademark infringement and counterfeiting), 15 U.S.C. §1125(a) (false designation of origin), 815 ILCS § 510, et seq. (violation of Illinois Uniform Deceptive Trade Practices Act), and 17 U.S.C. § 501(a) (copyright infringement). [D.E. 1] On July 14, 2020, the following eleven (11) Defendants, represented by the Law Offices of Konrad Sherinian, LLC, filed their answer and affirmative defenses: Savemotoer, longtimenosee123, WTFtrump, huahuasmile, fashionaccessary shop, zhouzhou666,

1

boluoboluomi, dannismile, waitforyou2017, yanchunsmile, and iseeyou66. ("Sherinian Defendants" hereinafter). [D.E. 104] On July 14, 2020, the following thirty-six (36) Defendants filed an Answer through counsel at Dykema Gossett LLC: Asyouwant (5), batyfellmay (6), be_yourself (7), bobosuperman (10), Changushop (13), darlinghome1 (19), Denlertop1 (23), fashionforboys (32), FashionForChanny (33), Fivestarshop88 (34), Futurestore8 (38), Globalbuy2 (39), let's gogogo (51), LuckyStore2017 (55), Miss You66 (58), Mrss Right (60), myall (61), mybigbiggirl (62), Newfirepinler (63), pickup (67), Qianni Trade (69), sayyousayme9 (76), Seeyouagain1+1 (77), specialforyou_68 (79), Sunshinegirl88 (82), taotaosmile (86), tooyoung1 (89), UKseller (91), Uptwoyou (92), whenyoubelieve (97), Willbebest (98), wonbefirst (99), xiaoyesmile (103), yourname1 (109), yunjiesmile (111) and Zhouxiaosmile (115). ("Dykema Defendants" hereinafter). [D.E. 105]

On April 19, 2021, Plaintiff moved for entry of default as to the defendants who did not make an appearance in the case. [D.E. 175] ("Defaulting Defendants"[1] hereinafter). The Court entered default against the Defaulting Defendants on April 19, 2021. [D.E. 208] On August 22, 2021, Plaintiff filed a motion for entry of default judgment against the Defaulting Defendants [D.E. 226] On March 10, 2022, this Court entered an order denying the motion for partial entry of default judgment. [D.E. 238] In order to move the case forward to final judgment as expeditiously as possible, Plaintiff now moves to sever the fifty-eight (58) Defaulting Defendants as well as, separately, either the Sherinian or Dykema Defendants.

## II.  SUMMARY OF THE ARGUMENT

All Defendants were properly joined with the other defendants at time of filing. Prosecution of Plaintiff's claims may involve separate witnesses, fact finding and discovery.

---

[1] The Defaulting Defendants are identified at Doc. 175-1, attached to Plaintiff's motion for entry of default pursuant to Fed.R.Civ.P. 55(a).

Prosecution of Plaintiff's claims involve questions of fact and law that are not common to all Defendants. Misjoinder does not result in dismissal but severance and reassignment. No party will suffer prejudice as a result of the severance.

### III. ARGUMENT

#### a) All Defendants Were Properly Joined With the Other Defendants at Time of Filing

Under Federal Rule of Civil Procedure 20(a)(2), defendants "may be joined in one action as defendants" if the following two conditions are met: (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) "any question of law or fact common to all defendants will arise in the action." Rule 21, Federal Rules of Civil Procedure, provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."

Fed.R.Civ.P. 20(a)(2), which governs permissive joinder, provides that multiple defendants may be joined in one action if "there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." District courts interpret Rule 20 liberally to achieve its purpose and exercise "wide discretion" in deciding whether to sever a party. *Chavez v. Ill. State Police*, 251 F.3d 612, 632 (7th Cir. 2001) ("[C]ourts liberally construe Rule 20 in the interest of convenience and judicial economy, 'entertaining the broadest possible scope of action consistent with fairness to the parties [such that] joinder of claims, parties and remedies is strongly encouraged.'" (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966))); *First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 252 (N.D. Ill.

2011) ("[I]n many courts such requirements for joinder are liberally construed in the interest of convenience and judicial economy in a manner that will secure the just, speedy, and inexpensive outcome of the action.").

In her Complaint, [D.E. 1] Plaintiff described the difficulty in identifying the Defendants, determining the scope of their network and preventing Defendants from avoiding liability through the use of anonymous storefronts and false registration data. [Doc. 1 at ¶¶ 18-27]. These are common challenges in combating the unauthorized online use of trademarks and other intellectual property online. These challenges are consistently recounted in the complaints submitted in trademark infringement lawsuits heard before this Court. Thus, at the time of her Complaint, joinder of multiple parties logically believed to be involved in the operation of a network or acting in concert in the infringement of intellectual property was proper. However, circumstances have changed during the discovery and pleading process to distinguish groups of defendants. As a result, not all defendants are similarly situated with the same evidence or defenses which would be available at trial.

In particular, the Sherinian Defendants and Dykema Defendants who filed an Answer have denied or admitted joinder or collaboration with certain other defendants, other than any corporate relationships between defendants. [D.E. 104 at ¶¶ 18-27; D.E. 105 ¶¶ 18-27] For example, Defendant stores Savemotoer, longtimenosee123, WTFtrump, huahuasmile, fashionaccessary shop, zhouzhou666, boluoboluomi, dannismile, waitforyou2017, yanchunsmile, and iseeyou66 are allegedly all owned by Zhina Chen. [D.E. 94 at p. 2-4] The Sherinian Defendants have raised in their Answer and Affirmative Defenses the defenses of Non-Infringement of Trademark and No Counterfeiting, Adequate Remedy at Law, No False Designation of Origin, Failure to State a Claim of Willful Infringement, No Personal

4

Jurisdiction, and Plaintiff Is Not Entitled to Statutory Damages Pursuant to 17 U.S.C. § 504. [D.E. 104] Specifically, the Sherinian Defendants raised the defense for date of first use by arguing that their date of initial use preceded Plaintiff's date of registration. (D.E. 104 at p. 24).[2]

The Dykema Defendants likewise filed an Answer and raised Affirmative Defenses therein. [D.E. 105] Specifically, the Dykema Defendants raised No Personal Jurisdiction, Improper [service], Absence of Copyright Symbol, Non-infringement, Innocent Infringement, No Immediate or Irreparable Harm for Injunctive Relief and No Statutory Damages or Attorney's Fees. [D.E. 105 at 19-20] This set of facts are uniquely different among all the Defaulting Defendants. This is distinctly different from the Defaulting Defendants who, by their default and in the absence of any appearance, admit to association with each other. In addition, severance is necessary to isolate the admissible evidence as to the groups of differently situated defendants.

Both the Sherinian and Dykema Defendants were subject to Plaintiff's motion in limine to exclude evidence considered in determining whether the preliminary injunction should be continued and its scope. [D.E. 144] This Court denied Plaintiff's motion in limine as moot following the evidentiary hearing. [D.E. 197] The challenges to admissibility of certain of the Sherinian and Dykema Defendants' evidentiary submissions illustrates how complex and fact-intensive the prosecution of each group and each defendant may become. In contrast, the Defaulting Defendants have not responded to provide any evidence in their defense and are subject to the admissibility of their earlier default. See *VLM Food Trading Int'l, Inc. v. Ill.*

---

[2] Chen has used these photographs since at least March 30, 2017 for her "fashionaccessary shop" store. Plaintiff did not register its collection of works until July 11, 2018 – more than a year after the alleged infringement began. Chen did not know that these photographs were copyrighted, especially given that they were in use by many other stores. [internal citations omitted]. D.E. 94 at 3.

5

*Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). Finally, this Court has previously found that the Dykema Defendants share joint and several liability. In its order on Plaintiff's motion to extend the existing preliminary injunction, this Court found:

> [T]he evidence of joint ownership between each of the Dykema Defendants is ample and shows that the Dykema Defendants "have an apparent or actual partnership, have authority to bind one another in transactions with third parties, or exercise joint ownership over the infringing product." The Dykema Defendants are represented by the same counsel, have presented unitary arguments on behalf of all represented entities, and have suggested to the Court (through briefing and oral argument) they want to be considered related to one another. [internal citation omitted].

[Unquote] [D.E. 194 at 12-13]

Thus, each of the groups, i.e. Sheninian Defendants, Dykema Defendants and Defaulting Defendants, will be differently situated as to the admissibility of evidence and available defenses. Due to the circumstances surrounding these available defenses and admissible evidence, severance is most efficient.

### b) Prosecution of Plaintiff's Claims May Involve Separate Witnesses, Fact Finding and Discovery

As noted above, Federal Rule of Civil Procedure 20(a)(2), states that persons may be joined "in one action as defendants if: (a) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (b) any question of law or fact common to all defendants will arise in the action." "Although 'transaction or occurrence' is not defined in Rule 20(a), courts interpret this term as 'comprehend[ing] a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship... When the plaintiffs' claims require individual fact finding and discovery, different witnesses and testimony, and separate questions to answer, they generally do not constitute [the] same

6

transaction or occurrence and cannot be joined." *Adkins v. Ill. Bell Tel. Co.*, Case No. 14-cv-1456 at *14 (N.D. Ill., March 24, 2015) (citation omitted).

The "Seventh Circuit has not directly addressed the meaning of 'same transaction or occurrence' in Rule 20." *Papachristos v. Hilton Mgmt., LLC*, 2015 WL 1094852, at *3 (N.D. Ill. Mar. 10, 2015) (citing *State Farm Fire & Cas. Co. v. Electrolux Home Prods.*, 2012 WL 1287698, at *6 (N.D. Ill. Apr. 16, 2012)). See also *Bose Corporation v. Partnerships and Unincorporated Associations Identified on Schedule "A"*, Case No.: No. 19 C 7467 (N.D.Ill., J. Thomas Durkin, Feb. 19, 2020), 334 F.R.D. 511 (citing *AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, 998 (D.C. Cir. 2014) ("[S]imply committing the same type of violation in the same way does not link defendants together for the purposes of joinder.")).

As argued above, in the common transactions or schemes among the shared ownership among the Sherinian Defendants and the testimonial affidavits among the Dykema Defendants, there is some commonality as to the common transactions and relationships as argued in the Complaint. However, the record developed in adjudicating the preliminary injunction suggests that not all of the defendants named on the original Schedule "A" share association and collaboration in their infringement scheme. [D.E. 194 at 4-8] Therefore, while the defendants appeared linked together for purposes of joinder at the filing of the Complaint, those facts do not appear to apply to all of the defendants at this later date. [Id.] At this point, trying all the remaining defendants together simply because they committed the same type of violation in the same way does not link the defendants together for purposes of joinder. Thus, two of the three groups of defendants, who do not appear to share commonality, should be separately severed.

    c)    **Prosecution of Plaintiff's Claims Involve Questions of Fact and Law That Are Not Common to All Defendants**

Of the one hundred and seventeen (117) originally named defendants, only forty-seven (47) defendants have filed an answer. (D.E. 104, 105). At least at this stage, there is a common question of law as to whether the responding defendants are properly joined with the Defaulting Defendants. *See SITE B, LLC v. Does 1-51*, Case No. 13-cv-5295 (N.D. Ill. March 7, 2014) (Analyzing joinder under the Copyright Act in the context of anonymous "swarm" download infringements.) However, the defenses set forth by the Defendants who have responded to the Complaint are unique to them.

> Regardless of the parties' ability to resolve aspects of the claims, individual inquiries into the facts and circumstances of each Plaintiffs' accessibility challenges, to at least some degree, is inevitable. To the extent that a jury would be involved in that process, the Court is concerned with the prejudice that could result from the jury confusing evidence as to one plaintiff and applying it to another. Without severance of each plaintiff's claim, a jury would be required to hear evidence and make factual determinations concerning thirteen separate events in one trial. This would likely be confusing to the jury, prejudicial to defendants, and undermine any other economies in litigation that may come from allowing joinder of plaintiffs.

*Equal Rights Ctr. v. Kohl's Corp.*, Case No. 14-cv-8259 at *4 (N.D. Ill., August 11, 2017) (Internal Citation Omitted). Moreover, assuming the truthfulness of the Sherinian and Dykema Defendants' denial of association with the Defaulting Defendants, it appears that, as in *Gaffney v. Riverboat Servs. of Ind., Inc.*, 451 F.3d 424, 442-43 (7th Cir. 2006) "[t]he validity of the claims before [the Court] does not depend, as a matter of law, on the outcome of the severed claims." Under the totality of the circumstances, severance is in the interest of judicial efficiency and clear analysis of the issues.

### d) Misjoinder Does Not Result in Dismissal but Severance and Reassignment

"When a federal civil action is severed, it is not dismissed. Instead, the clerk of court creates multiple docket numbers for the action already on file, and the severed claims proceed as if suits had been filed separately." *Lee v. Cook Cnty., Ill.*, 635 F.3d 969, 971 (7th Cir. 2011);

8

*Gaffney*, 451 F.3d at 441 ("Rule 21 severance creates two discrete, independent actions, which then proceed as separate suits for the purpose of finality and appealability."). Plaintiff's claims against Defaulting Defendants and one of the two groups of defendants that have appeared should be treated as a separate suit and assigned a separate docket number. *See Lee v. Cook Cnty.*, 635 F.3d at 971. "Since severance is the creation of 'multiple docket numbers for the action already on file'—not dismissal and re-filing—the [severed] Plaintiff[s] should not be required to pay filing fees in the instant case." *Equal Rights Ctr. v. Kohl's Corp.*, Case No. 14-cv-8259 at *5 (N.D. Ill., August 11, 2017) (citing *Jackson v. Welborn,* No. 12-CV-961-JPG, 2012 WL 5383285, at *1 (S.D. Ill. Nov. 2, 2012)).

      e)      **No parties will suffer prejudice as a result of severance.**

This district has held that no defendants were prejudiced in a similar infringement claim where no defendant had appeared and the default judgment process would likely determine the case's outcome. *See Bose Corp. v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, 334 F.R.D. 511, 517 (N.D. Ill. 2020). As for the Defaulting Defendants, the default judgment process will determine the case's outcome in its entirety. The judge to whom the Defaulting Defendants are transferred will be required to do no more than pass on Plaintiff's renewed motion for default judgment, minus a tardy appearance by the Defaulting Defendants.

Counsel for the Sherinian Defendants were granted leave to withdraw after Zhina Chen failed and refused to comply with the Court's order on Plaintiff's motion to compel. [D.E. 236 at 2; 238 at 3] Plaintiff expects the case against the Sherinian Defendants to end with entry of default judgment against them as they did not obtain new counsel and appear unlikely to continue to defend the case. The Sherinian Defendants will likewise not be prejudiced by severance though Plaintiff suggests, as Plaintiff will necessarily seek to enforce this Court's

discovery order against them, that it will be most efficient for the Court to retain the Sherinian Defendants. The Court is familiar with the record in this case and so will not require the same time commitment that a receiving judge may to familiarize himself with the record.

Though Plaintiff and the Dykema Defendants timely submitted their discovery plan on April 25, 2022, [D.E. 240] the Court has not yet entered a case management order. Discovery has not commenced. There are no dispositive motions pending. Thus, the Dykema Defendants will not be prejudiced by permitting severance in this case. Further, Plaintiff submits that it is most efficient for the Court to sever the Dykema Defendants. As the litigation that has taken place thus far focused on preliminary injunctive relief, the receiving judge will be in a position not significantly different from this court at the inception of the case.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully submits that the Court grant the following relief:

a) That Defaulting Defendants identified in D.E. 175-1 be severed from the instant case;

b) That either the Sherinian Defendants or the Dykema Defendants, be separately severed from the instant case;

c) Any further and additional relief that the Court deems necessary and appropriate.

Respectfully Submitted this 9th day of May, 2022.

*/s/ Lydia Pittaway*
Fla. Bar No. 0044790
Of Counsel, Ford Banister IP
305 Broadway - Floor 7
New York, NY 10001
Telephone: U.S No. 212-574-8107
Email: lpittaway@fordbanister.com
*Attorney for Plaintiff*