IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUN CHENYAN, <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br> Defendants. | No. 20-cv-00220 <br><br> Judge John F. Kness |

## ORDER

Plaintiff's motion to sever (Dkt. 241) is denied. Plaintiff asks the Court, under Rule 21 of the Federal Rules of Civil Procedure, to sever the 117 Defendants that, Plaintiff states, "were properly joined with the other defendants at time of filing." (*Id.* at 2.) Plaintiff does not seek severance of her claims but wishes to proceed with the same operative complaint in three distinct cases against three groups of defendants: the Sherinian Defendants; the Dykema Defendants; and the Defaulting Defendants. (*Id.*; Dkt. 245 at 2, 4.) Plaintiff argues that, although all Defendants were properly joined, recent developments in discovery show that Plaintiff's claims "may involve separate witnesses, fact finding[,] and discovery" and "involve questions of fact and law that are not common to all Defendants." (Dkt. 241 at 2–3.) Plaintiff stops short of arguing that any parties are currently misjoined; rather, she suggests that convenience and judicial economy will be served through severance without prejudicing Defendants. (*Id.* at 3–4; 9–10.)

Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Generally, severance under Rule 21 creates two discrete, independent actions, which then proceed as separate suits for the purpose of finality and appealability. *Gaffney v. Riverboat Servs. of Indiana, Inc.*, 451 F.3d 424, 441 (7th Cir. 2006). Rule 21 gives the court broad discretion to sever *claims* if doing so will increase judicial economy and avoid prejudice to the litigants. *Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 743 (7th Cir. 1985) (emphasis added). Under Rule 21, the proper remedy for misjoinder of parties, however, is a timely motion to drop the improperly joined party. *Celanese Corp. of Am. v. Vandalia Warehouse Corp.*, 424 F.2d 1176, 1179 (7th Cir. 1970).

Plaintiff contends that "it is most efficient for the Court to sever the Dykema Defendants" (Dkt. 241 at 10), but Plaintiff does not explain why. To be sure, Plaintiff does not wish to sever claims but rather to split her case into three cases. (Dkt. 245 at 4) ("the Dykema Defendants misapprehend the nature of the relief requested: Severance of ***parties*** as opposed to claims") (emphasis in original.) It is not apparent how severing a three-year-old case into three separate actions with the same complaint (and possibly involving three judges, two of whom likely would know nothing about the case) would promote, instead of hinder, judicial economy. Indeed, the Court previously denied Plaintiff's motion for a partial final judgment as to the Defaulting Defendants and found, in part, that "[b]ecause . . . there is at least some overlap between the factual and legal issues facing Defaulting Defendants and the appearing Defendants . . . [,] there are affirmative and compelling reasons not to enter a partial final judgment at this time." (Dkt. 238 at 3.) Given this factual and legal overlap, proceeding in three separate cases would ultimately lead to duplicative work and potentially inconsistent rulings. Denying severance thus serves judicial economy, particularly at this stage of the litigation. *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2012) (Rule 20's purpose "is to enable economies of litigation.")

Plaintiff argues that severance would not prejudice any Defendant, but the Court disagrees. Severance would force two groups of Defendants to begin anew this three-year-old case, possibly in front of a new judge and certainly at greater cost and with additional delay. And Plaintiff proposes to proceed on her initial complaint, which alleges Defendants are part of a network and seeks to hold them jointly and severally liable. (Dkt. 1 ¶ 6, 18; Dkt. 92 at 26:3-4; Dkt. 94 at 2.) Defendants would not be able to properly defend these allegations in three separate suits. Conversely, denying severance will not cause Plaintiff undue prejudice. Plaintiff suggests that "the case against the Sherinian Defendants [will] end with entry of default judgment." (Dkt. 241 at 9.) If that is so, then Plaintiff's concerns are moot because only the Dykema Defendants would remain. Even if the Sherinian Defendants remain, though, the Court may consider severance "at any time" should future circumstances warrant. Fed.R.Civ.P.21. In any event, Plaintiff retains the discretion to voluntarily drop misjoined Defendants at any time if that serves her purposes better.

For these reasons, Plaintiff's motion to sever (Dkt. 241) is denied. By separate order, the Court will address the need to set a case management schedule.

SO ORDERED in No. 20-cv-00220.

Date: March 22, 2022

*signature*

JOHN F. KNESS
United States District Judge

2