IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUN CHENYAN | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:20-cv-0220 |
| v. | ) |
| | ) Judge John F. Kness |
| THE PARTNERSHIPS AND | ) |
| UNINCORPORATED ASSOCIATIONS | ) Mag. Judge M. David Weisman |
| IDENTIFIED ON SCHEDULE "A", | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PLAINTIFF'S UNOPPOSED MOTION TO SET DEADLINE TO FILE
MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Plaintiff Sun Chenyan ("Plaintiff"), by and through her counsel, Ford Banister IP, moves this Honorable Court to set a deadline thirty days from the grant of the instant motion for Plaintiff to submit her motion for leave to file a first amended complaint. In support of her request, Plaintiff states as follows:

Relevant Background and Procedural History

1. Plaintiff filed her initial complaint in this case on January 13, 2020. [D.E. 1]

2. On July 14, 2020, a group of Defendants previously represented by the Law Office of Konrad Sherinian (hereinafter, "the Sherinian Defendants") filed an answer and affirmative defenses in response to Plaintiff's Complaint. [D.E. 104]

1

3.      Also on July 14, 2020, a group of Defendants represented by Dykema Gossett, LLP (hereinafter, "the Dykema Defendants") filed an answer and affirmative defenses in response to Plaintiff's Complaint. [D.E. 105]

4.      On April 19, 2021, the Court entered a finding of default pursuant to Fed.R.Civ.P. 55(a) against those Defendants who had failed to answer. [D.E. 208] (hereinafter, "the Defaulting Defendants)

5.      Also on April 19, 2021, over the opposition of the Sherinian and Dykema Defendants, the Court entered the Second Amended Preliminary Injunction Order. [D.E. 209]

6.      On March 10, 2022, the Court directed the parties to file, by April 25, 2022, a status report to "include a scheduling order that complies with the Court's standing rules." [D.E. 238 at 3]

7.      On April 25, 2022, the parties timely complied with the Court's directive, filing their <u>Joint Status Report Under Rule 26(f)</u>. [D.E. 240] (hereinafter, "the Joint Status Report") The Joint Status Report included a detailed case management plan with suggested deadlines for the completion of discovery and the filing of dispositive motions, among other matters. [Id. at 6]

8.      The last order entered in the instant case was on March 22, 2023. [D.E. 246] Therein, the Court stated that "By separate order, the Court will address the need to set a case management schedule." [Id. at 2]

9.      To date, the Court has not set a case management schedule and the parties have not proceeded to discovery.

2

10. Plaintiff now moves the Court to set a deadline of thirty days from the date of entry of an order on the instant unopposed motion for Plaintiff to file her motion for leave to file a first amended complaint.

Argument

11. In the Joint Status Report, Plaintiff alluded to her intention to move for leave to file a first amended complaint, stating that "Upon the Court's grant of Plaintiff's motion to sever, Plaintiff will timely move to amend her Complaint to fully identify the remaining Defendants, to drop the claim for trademark counterfeiting and to restate her false designation of origin claim." [D.E. 240 at 7]

12. Plaintiff initiated communications regarding the form of the amended complaint with the Dykema Defendants, the last represented parties following the withdrawal of counsel for the Sherinian Defendants on March 10, 2022. [D.E. 238 at 3] Counsel for the Dykema Defendants indicates that the Dykema Defendants do not oppose the Court's grant of Plaintiff's instant request to set a deadline for submission of Plaintiff's prospective motion for leave to file a first amended complaint.

13. Plaintiff and the Dykema Defendants have committed to negotiating the form of the first amended complaint in good faith.

14. The Seventh Circuit Court of Appeals has made clear that the setting and enforcement of deadlines is vital to efficient case administration. See *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996) ("A good judge sets deadlines, and the judge has a right to assume that deadlines will be honored. The flow of cases through a busy district court is aided, not hindered, by adherence to deadlines."); *Reales v. Consol. Rail Corp.*, 84 F.3d 993, 996

(7th Cir. 1996) ("The district courts must manage a burgeoning caseload, and they are under pressure to do so as efficiently and speedily as they can, while still accomplishing just outcomes in every civil action. See Rule 1; Civil Justice Reform Act of 1990, 28 U.S.C. §§ 471–482; Judicial Conference of the United States, Long Range Plan for the Federal Courts at 66 (1995). Part of that job means that they are entitled—indeed they must—enforce deadlines.")

15. Plaintiff respectfully submits, consistent with the case law set out above, that the setting of the deadline as requested is in the interest of judicial efficiency as it will require Plaintiff to timely file her motion for leave to amend and the Dykema Defendants to timely engage Plaintiff in negotiations regarding the form of the proposed first amended complaint. Ultimately, the grant of Plaintiff's motion to amend should narrow the issues and, perhaps, avoid the need for discovery altogether.

Prayer for Relief

Based on the foregoing, Plaintiff respectfully requests that the Court grant her the following relief:

1) That the Court set a deadline of thirty days after the grant of the instant unopposed motion for Plaintiff to submit her motion for leave to file her first amended complaint;

2) Any further and additional relief that the Court deems necessary and appropriate.

(Date and Signature on the Following Page)

Respectfully submitted this 16th day of August, 2023,

/s/ L. Ford Banister, II
Bar No. 5446539
Ford Banister IP
305 Broadway - Floor 7
New York, NY 10007
Telephone: 212-500-3268
Email: ford@fordbanister.com
*Attorney for Plaintiff*