**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SUN CHENYAN,<br>                Plaintiff,<br>vs.<br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br>                Defendants. | Case No.: 1:20-cv-00220<br><br>Judge: Hon. John F. Kness<br><br>Magistrate: Hon. M. David Weisman |

**ONLINE STORES'[1] MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(7) OR, ALTERNATIVELY, MOTION TO INTERVENE PURSUANT TO FED. R. CIV. P. 24, AND MEMORANDUM IN SUPPORT**

COME NOW the Store Owners[2] of certain Online Stores referenced in Plaintiff's First Amended Complaint, by and through their counsel, and file this Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(7) on behalf of the Store Owners. Alternatively, the Store Owners seek to intervene as defendants pursuant to Fed. R. Civ. P. 24 and to file an answer to Plaintiff's First Amended Complaint.

**I.    INTRODUCTION AND SUMMARY OF ARGUMENT**

Plaintiff's Original Complaint named the Online Stores as defendants. (Dkt. 1). However, Plaintiff amended her complaint to, *inter alia,* to (1) remove the Online Stores, who

---

[1] The term the "Online Stores" refers to the following formerly named defendants: Asyouwant (5), batyfellmay (6), bobosuperman (10), Changushop (13), darlinghome1 (19), Denlertop1 (23), Fivestarshop88 (34), Futurestore8 (38), Globalbuy2 (39), let's gogogo (51), LuckyStore2017 (55), Miss You66 (58), Mrss Right (60), myall (61), Newfirepinler (63), sayyousayme9 (76), Seeyouagain1+1 (77), Sunshinegirl88 (82), tabeanytop (83), taotaosmile (86), tooyoung1 (89), Uptwoyou (92), whenyoubelieve (97), Willbebest (98), wonbefirst (99), xiaoyesmile (103), yourname1 (109), yunjiesmile (111), and Zhouxiaosmile (115).

[2] The term "Store Owners" refers to the Chinese companies listed in Exhibit 1. Exhibit 1 contains a table that lists the companies and the Online Stores that they own.

are represented by the Dykema law firm, as defendants and (2) name as defendants the individuals who Plaintiff believes are the store owners of those Online Stores, and associate these individuals with the Online Stores in the body of the amended complaint. (Dkt. 264).

However, the Online Stores provided verified interrogatory answers *over four years ago* and other discovery that established that Chinese limited liability companies own the Online Stores and not the individuals named by Plaintiff. Plaintiff's claim that the individuals own the Online Stores is based on speculation. In particular, Plaintiff relies on a spreadsheet produced by ContextLogic Inc., d/b/a Wish ("Wish" or "Wish.com") to speculate that the individuals are the store owners. As further discussed below, the Wish spreadsheet does not, however, expressly identify the individuals as the store owners and in fact, does not even use the word "Owner." It is not clear why the spreadsheet lists these individuals, but it is more likely that they are listed to identify the contact person or representative for the Online Stores rather than the store owners.[3] Because the Store Owners are necessary parties and Plaintiff failed to join them under Rule 19, Plaintiff's claims against the Online Stores and the individuals that Plaintiff alleges own these stores should be dismissed and Plaintiff should be ordered to amend the complaint to name the Store Owners. R. Civ. P. 12(b)(7) and 19(a).

Alternatively, in accordance with Fed. R. Civ. P. 24(a)(2), the Store Owners seek to intervene in this case as a matter of right to protect to protect their respective interests in controlling and owning their respective stores and assets. At a minimum, the Store Owners should be granted permissive intervention under Fed. R. Civ. P. 24(b)(2) based on common questions of law and fact shared with the main action.

---

[3] Plaintiff's apparent goal of amending her complaint to name individual**s**, who are not and will not be represented by an attorney(s), is to obtain a quick and easy default judgments and attempt to leverage those default judgments against the Online Stores and their respective assets.

## II. BACKGROUND

### A. This Action

Plaintiff filed her Original Complaint on January 13, 2020. (Dkt. 1). Plaintiff's Original Complaint named as defendants the Online Stores. (Dkt. Nos. 1, 4). Defendants' verified interrogatory responses, served on Plaintiff *more than four years ago*, identified certain Chinese limited liability companies as owners of the Online Stores. *See* Third Supplemental and Amended Answers to Plaintiff Sun Chenyan's First Set of Interrogatories and verifications, a true and correct copy of which is attached as Exhibit 2 ("Verified Interrogatory Responses").

Plaintiff was granted leave to file a First Amended Complaint, primarily to change the named defendants. (Dkt. 263). In her First Amended Complaint, Plaintiff no longer directly names the Online Stores as defendants. (*See* Dkt. 264). Instead, Plaintiff names individuals who Plaintiff believes are the store owners of the Online Stores based on persons identified in a column in spreadsheet produced by Wish titled "MERCHANT REAL NAME". (*See* Dkt. 254 ¶¶ 13-14; *see also* Dkt. 264). A true and correct copy of the Wish spreadsheet is also attached as Exhibit 3. Attached at Exhibit 4 is a chart listing (1) the Online Stores, (2) the named individual defendants Plaintiff has alleged own the Online Stores in her First Amended Complaint, and (3) the true owners of the Online Stores as set forth in Verified Interrogatory Responses.

### B. Plaintiff's Related Case Before Judge Kocoras

In Plaintiff's related case *Sun Chenyan v. Daisy Xie, et al.*, C.A. No. 1:19-cv-06381 (N.D. Ill) before Judge Kocoras ("Plaintiff's related case"), Plaintiff Sun Chenyan filed a complaint on September 26, 2019, alleging trademark and copyright infringement. (C.A. No. 1:19-cv-06381 (N.D. Ill), Dkt. 1). On March 16, 2020, Plaintiff filed a first amended complaint (the "FAC") against certain online stores and individuals (C.A. No. 1:19-cv-06381 (N.D. Ill), Dkt. 40).

On April 28, 2022, Plaintiff filed a motion for leave to file a second amended complaint

3

seeking to, in part, identify the "proper party defendants" by removing the internet stores as defendants and, instead, naming as defendants the individuals who Plaintiff believed owned the internet stores. (C.A. No. 1:19-cv-06381 (N.D. Ill), Dkt. 197). The Court granted the motion for leave to file a second amended complaint on July 13, 2022. (C.A. No. 1:19-cv-06381 (N.D. Ill), Dkt. 205). In its Order, the Court stated it "[recognize[d] that there is a factual dispute between the parties regarding the ownership of" the Disputed Internet Stores. *Id.* at 2.

Plaintiff filed a second amended complaint ("SAC") on July 13, 2022, naming the defendants as Daisy Xie DBA Garment Outlets and Trendyshow, Jing Zhang DBA Funnytrump, Ming Jie Guo DBA Poppyhenler, Xiao Jie Zhong DBA BoomBoom123, and Vivi Fang DBA Fashionforgirls, Qian Ni Trade, and Beauty Factory. (C.A. No. 1:19-cv-06381 (N.D. Ill), Dkt. 207). After defendants filed a motion to dismiss the SAC, Plaintiff filed a Third Amended Complaint ("TAC") on September 25, 2022, listing the defendants in the same manner as the SAC. (C.A. No. 1:19-cv-06381 (N.D. Ill), Dkt. 220).

On October 10, 2022, defendants filed a motion seeking to either strike portions of the TAC or dismiss it for failure to join a necessary party under Rule 19. (C.A. No. 1:19-cv-06381 (N.D. Ill), Dkt. 223). In its Memorandum Order granting in part the motion to strike, the Court stated that "Defendants have sufficiently shown that the TAC's definition of the defendants in this case unnecessarily confuses the ownership of the Disputed Internet Stores and improperly associates them with the Defaulted Defendants" and that "the TAC is clearly prejudicial and confusing." (C.A. No. 1:19-cv-06381 (N.D. Ill), Dkt. 235 at 8-9). Because "Plaintiff points to nothing suggesting that the Defaulted Defendants own or are sole proprietors of the Disputed Internet Stores," the Court struck the Disputed Internet Stores from the caption and the docket. *Id.* at 12-13.

On May 18, 2023, in response to the Court's Memorandum Order, Plaintiff filed an amended TAC that struck references to the Funnytrump, Poppyhenler, and BoomBoom123 stores and only identified the individual defendants that she believed owned the stores. Plaintiff then filed a motion for default judgment as to these individual defendants that the Court granted on August 23, 2023 (C.A. No. 1:19-cv-06381 (N.D. Ill), Dkt. 261).

However, on October 10, 2023, the Court issued a minute entry vacating its August 23, 2023 Default Judgment Order. (C.A. No. 1:19-cv-06381 (N.D. Ill), Dkt. 287). The Court stated that:

> As evidence that the Defaulted Defendants are the owners or sole proprietors of the Internet stores, Plaintiff cited a spreadsheet prepared by Wish.com, which lists the Defaulted Defendants as the "Merchant Real Person Name" for the respective Internet Stores. Dkt. # 70. But this does not show ownership. Even if the Defaulted Defendants were somehow associated with or working with the Internet Stores, and were the ones to register the Internet Stores with Wish.com, that does not confer personal liability. . . . The Defaulted Defendants are at most "associated with" the Internet Stores, but do not appear to own them or to be their sole proprietors, and we therefore have no basis on which to hold them liable to Plaintiff for the damages requested.

*Id*.

### III. ARGUMENT

#### A. Applicable Case Law

Rule 12(b)(7) provides for dismissal of an action where a litigant fails to join a necessary and indispensable party under Rule 19. Fed. R. Civ. P. 12(b)(7). In ruling on a motion to dismiss for failure to join a necessary and indispensable party, the Court must accept the allegations of the complaint as true. *Davis Cos. v. Emerald Casino, Inc*., 268 F.3d 477, 479 n.2 (7th Cir. 2001). In assessing a Rule 12(b)(7) motion to dismiss, the court must apply a two-step inquiry. *Thomas v. U.S*., 189 F.3d 662, 667 (7th Cir. 1999). The Court must determine whether a party is necessary to the action. *Id*. Rule 19(a) establishes the criteria for required parties— those persons who should be joined as parties to the action. *Id.;* Fed. R. Civ. P. 19(a).

5

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) . . . impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). "If a person has not been joined as required, the court must order that the person be made a party." Fed. R. Civ. P. 19(a)(2). Where the Court decides a party is necessary but cannot be joined, the Court must then determine whether the party is indispensable to the action. Fed. R. Civ. P. 19(b); *Thomas*, 189 F.3d at 667.

When considering a motion to intervene as a matter of right under Fed. R. Civ. P. 24(a)(2), the Seventh Circuit requires that " . . . the court *must* permit intervention if (1) the motion is timely; (2) the moving party has an interest relating to the property or transaction at issue in the litigation; and (3) that interest may, as a practical matter, be impaired or impeded by disposition of the case. A proposed intervenor who satisfies these three elements is *entitled* to intervene *unless* existing parties adequately represent his interests." *Driftless Area Land Conservancy v. Huebsch,* 969 F.3d 742, 746 (7th Cir. 2020). Courts should construe a motion to intervene "liberally" and "should resolve doubts in favor of allowing intervention." *Miami Tribe of Oklahoma v. Walden,* 206 F.R.D. 238, 241 (S.D. Ill. 2001).

In addition, Rule 24(b)(1)(B) allows the Court to grant permissive intervention where the moving party "has a claim or defense that shares with the main action a common question of law or fact." *See* F.R.C.P. Rule 24(b)(1)(B).

**B.     Under Rule 12(b)(7), this Case Should be Dismissed as to The Online Stores and the Individuals That Plaintiff Alleges Own These Stores.**

Application of the factors set forth by Rule 19(a) to the facts present in this case requires joinder of the storefronts and/or their respective owners. *See Thomas*, 189 F.3d at 667. Here,

6

Plaintiff's First Amended Complaint asserts causes of action for copyright infringement based on the displaying of Plaintiff's alleged copyright protected works on various Wish.com storefronts. *See* Dkt. 264 at ¶¶ 54-335. The Online Stores' Verified Interrogatory Responses establish that certain Chinese companies own the Online Stores, not the individuals identified by Plaintiff. *See* Exhibit 2. Nevertheless, Plaintiff chose to assert causes of action for the alleged infringement against *individuals* who Plaintiff speculates are the Online Stores' owners and seeks to enjoin those individuals, but does not directly assert any causes of action against the Online Stores or the Store Owners. *See id.*

First, *assuming arguendo* that the Court finds copyright infringement, no complete relief can be achieved because the individuals do not own the Online Stores, nor do they own any online store accounts or have a right to any profits associated with the Online Stores. Accordingly, to the extent any of the named individual defendants are found liable, (1) while the Court may enjoin the individuals, the Online Stores and their respective owners will not be enjoined from the alleged infringement and (2) Plaintiff will be unable to collect any alleged profits from the individuals because any such alleged profits belong to the Online Stores and their respective owners, and not the named individual defendants. Therefore, Plaintiff will be unable to obtain the injunction and damages it seeks in its Amended Complaint without joining the Store Owners. *See, e.g.,* Dkt. 264 at Plaintiff's Prayer for Relief ¶¶ 1(f); 2(c); 3.

In fact, in Plaintiff's related case, Judge Kocoras recently concluded that the Court had no basis on which to hold individuals listed as "MERCHANT REAL NAME" by Wish as liable to Plaintiff for damages for copyright infringement. Specifically, in Plaintiff's related case, Plaintiff filed a second amended complaint naming as defendants the individuals identified in a document by Wish.com as "MERCHANT REAL NAME," and dropping the Disputed Internet Stores as

7

defendants. (C.A. No. 1:19-cv-06381 (N.D. Ill.), Dkt. 197). Thereafter, on May 4, 2023, the Court granted in part Defendants' Renewed Motion to Strike Portions of Plaintiff's Third Amended Complaint and/or Motion to Dismiss for Failure to Join a Party Under Rule 19, and Evidentiary Submission Regarding Ownership of Certain Stores because "Plaintiff points to nothing suggesting that the Defaulted Defendants own or are sole proprietors of the Disputed Internet Stores." (C.A. No. 1:19-cv-06381 (N.D. Ill.), Dkt. 235 at 1, 12). Accordingly, the Court ordered the striking of certain defendants from the case caption and docket and ordered Plaintiff file an amended complaint striking such language. *Id*. at 13.

On August 23, 2023, the Court issued a Default Judgment against the individuals ("the Defaulted Defendants") that Plaintiff had improperly associated with the Disputed Internet Stores in the TAC. (*See* 1:19-cv-06381 (N.D. Ill.), Dkt. Nos. 262, 287). On October 10, 2023, the Court issued a minute entry vacating its August 23, 2023 Default Judgment Order, stating:

> ***As evidence that the Defaulted Defendants are the owners or sole proprietors of the Internet stores, Plaintiff cited a spreadsheet prepared by Wish.com, which lists the Defaulted Defendants as the "Merchant Real Person Name" for the respective [Disputed] Internet Stores. Dkt. # 70. But this does not show ownership.*** Even if the Defaulted Defendants were somehow associated with or working with the [Disputed] Internet Stores, and were the ones to register the Internet Stores with Wish.com, that does not confer personal liability. . . . ***The Defaulted Defendants are at most "associated with" the [Disputed] Internet Stores, but do not appear to own them or to be their sole proprietors, and we therefore have no basis on which to hold them liable to Plaintiff for the damages requested.*** The Default Judgment Order [262] is vacated.

(C.A. No. 1:19-cv-06381 (N.D. Ill.), Dkt. 287) (emphasis added).

Like Plaintiff's related case, in this case, Plaintiff cited a Wish.com spreadsheet listing "MERCHANT REAL NAME" as her sole basis for establishing the identity of the individuals to be named as defendants in the amended complaint. *See* Dkt. 254 ¶¶ 13-14. *See also* Exhibit 3. However, as previously found by Judge Kocoras, this spreadsheet "does not show ownership" or

8

that these individuals are the correct parties in interest (C.A. No. 1:19-cv-06381 (N.D. Ill.), Dkt. 287). The named individuals are not owners of the Online Stores. *See* Exhibit 2. Rather, at most, the persons identified in the spreadsheet are or were associated with the respective internet stores. (*See* C.A. No. 1:19-cv-06381 (N.D. Ill.), Dkt. 287). Thus, this Court has no basis on which to hold such associated persons liable for the damages requested by Plaintiff. *See id.* Because such "associated with" individuals, who Plaintiff seek to name in her Proposed First Amended Complaint, cannot be held liable for the requested damages, the Store Owners are necessary parties to this action and, accordingly, the claims against the individuals must be dismissed. *See id.*

Second, the Store Owners' ability to protect their respective interests will be impaired should they not be joined in this action. For example, the interests of the named individuals may be adverse to the Store Owners in some material respects. The Seventh Circuit has held that absent some "special showing," individuals are not ordinarily liable for the infringement of their corporation, even where that infringement is committed under the officer's general direction. *Dangler v. Imperial Mach. Co.*, 11 F.2d 945, 947 (7th Cir. 1926). Such a special showing is made where the individual "acts willfully and knowingly — that is, when he personally participates in the manufacture or sale of the infringing article (acts other than as an officer), or when he uses the corporation as an instrument to carry out his own willful and deliberate infringements, or when he knowingly uses an irresponsible corporation with the purpose of avoiding personal liability." *Id.* at 947. The Store Owners are not subject to this same standard, which applies to the individuals, and, therefore, it is likely that the individuals will not necessarily protect the interests of the Online Stores. In addition, the business interests of the Online Stores would be impaired should the Court grant Plaintiff's requested injunction as it

9

would impact the way the storefronts operate. More importantly, it appears that the individuals are not represented by counsel and will not likely answer Plaintiff's First Amended Complaint. Consequently, Plaintiff will likely seek default judgment against the individuals, such that the Store Owners' ability to protect their respective interests will be impaired should they not be joined in this action. Thus, the claims against the individuals must be dismissed.

    **C.    Alternatively, the Court Must Permit the Intervention of the Online Storefronts as Defendants Pursuant to Fed. R. Civ. P. 24(a)(2).**

        **1.    The Online Storefronts' Motion is Timely.**

This motion to intervene is timely filed. The timeliness requirement of an intervention of right does not impose "a precise time limit," but instead is based on a reasonableness test. *See Nissei Sangyo Am., Ltd. v. United States*, 31 F.3d 435, 438 (7th Cir. 1994). "[T]he most important consideration in deciding whether a motion for intervention is untimely is whether the delay in moving for intervention will prejudice the existing parties to the case." *Maxum Indem. Co. Sec. Ins. Co. of Hartford v. Eclipse Mfg. Co.,* No. 06-CV-4946, 2008 WL 4831734, at *3 (N.D. Ill. Nov. 5, 2008) (citations omitted).

Plaintiff cannot claim prejudice by the intervention of the Store Owners of former defendants who filed their motion on the answer date of Plaintiff's First Amended Complaint. Moreover, Plaintiff cannot claim prejudice from the Store Owners' intervention because the underlying action is in the pleading stage. For these reasons, there is no risk of timing prejudice to the plaintiff. *See Nissei*, 31 F.3d at 439.

        **2.    The Store Owners Have an Interest Related to the Transaction.**

A party seeking to establish a protectable interest for the purpose of intervention must show that it has a direct, significant, and legally protectable interest. *See Security Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1380-81 (7th Cir. 1995). Courts have held that

10

"[i]nterests in property are the most elementary type of right that Rule 24(a) is designed to protect." *See, e.g., In re Discovery Zone Sec. Litig.,* 181 F.R.D. 582, 593 (N.D. Ill. 1998).

The Store Owners have a substantial interest relating to the property or transaction at issue in the litigation. While no longer formally naming them as defendants, Plaintiff's allegations imply that the Online Stores are unnamed tortfeasors. *See* Dkt. 264 at ¶¶ 54-335. The Store Owners also have a substantial interest in protecting their Online Stores and associated accounts. For example, in Plaintiff's Prayer for Relief, Plaintiff seeks an injunction, not only against the individuals, but also "their affiliates, officers, agents, servants, employees, attorneys, confederates, and ***all persons acting for, with, by, through, under, or in concert with them***. from "using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Online Stores or other online marketplace account that is being used to sell products or inventory not authorized by Plaintiff which bear the . . . SU.CHENY Works or derivative works thereof" and from "operating and/or hosting websites which are involved with the distribution, marketing, advertising, offering for sale, or sale products or inventory not authorized by Plaintiff which bear the . . . SU.CHENY Works or derivative works thereof." Dkt. 264 at Plaintiff's Prayer for Relief ¶¶ 1(f)-(g) (emphasis added). Thus, Plaintiff seeks an injunction to preclude the Store Owners from controlling and owning their respective stores.

As another example, Plaintiff further seeks an order requiring "those in privity with Defendants" (a) "disable and cease providing services being used by Defendants . . . bearing the SU.CHENY Works or derivate works thereof" (b) "disable and cease displaying any advertisements used by or associated with Defendants in connection with the . . . SU.CHENY Works or derivate works thereof" and (c) "take all steps necessary to prevent links to the Defendant Online Stores identified on Schedule A from displaying in search results, including,

11

but not limited to, removing links to the Defendant Online Stores from any search index." Dkt. 264 at Plaintiff's Prayer for Relief ¶ 2. By this Paragraph, Plaintiff seeks a court order requiring Wish to disable the Store Owners' respective storefronts and removal of all advertisements and links associated with those storefronts.

As a further example, Plaintiff seeks damages for the alleged copyright infringement of the individuals. Dkt. 264 at Plaintiff's Prayer for Relief ¶ 6. Should the Court issue the requested order against the individuals, the Store Owners anticipate that Plaintiff will present such order to Wish to attempt to collect any awarded damages from the respective accounts of the Online Stores that they own.

Because Plaintiff seeks an injunction and court order that will directly impact the Store Owners' abilities to conduct business using their respective storefronts and will likely seek to collect any damages award from the Store Owners' respective accounts, the Store Owners have a legally protectable interest in intervening as defendants. *See Zurich Capital Markets Inc. v. Coglianese,* 236 F.R.D. 379, 386-87 (N.D. Ill. 2006).

### 3. The Disposition of This Matter Is Going to Impair or Impede the Online Marketplace's Ability to Protect Their Respective Interests.

Under Rule 24(a)(2), "[i]mpairment exists when the decision of a legal question . . . would, as a practical matter, foreclose the rights of the proposed intervenor in a subsequent proceeding." *Hanover Ins. Co. v. L & K Development*, 2013 WL 1283823, at *2 (N.D. Ill. Mar. 25, 2013).

As explained above, the individuals have not made an appearance in this action and the Store Owners do not expect them to do so. Thus, should the Store Owners be denied intervention, disposition of the underlying action will impair or impede their ability to protect that interest because their interests will not be represented by anyone.

In addition, the Store Owners will be impaired or impeded from protecting their interests should default judgment be entered in this case. In the Plaintiff's related case, Plaintiff obtained an entry of default against the named non-owner individual defendants improperly associated with the Disputed Internet Stores. (C.A. No. 1:19-cv-06381 (N.D. Ill.), Dkt. Nos. 252, 235, 261, 262). Thereafter, Plaintiff attempted to leverage the default judgment against the Disputed Internet Stores by obtaining and issuing a Citation to Discover Assets to a Third Party to ContextLogic, Inc. d/b/a Wish.com to discover the Disputed Internet Stores' assets in order to seize them. (C.A. No. 1:19-cv-06381 (N.D. Ill.), Dkt. 271, at 2).

Based on Plaintiff's activities in Plaintiff's related case, Plaintiff may intend to run the same ploy here and move for default or for seizure of assets. If the Store Owners' motion to intervene is denied, a default judgment will likely be entered and Plaintiff will likely seek to use that default judgment to directly impact the Store Owners' abilities to conduct business using their respective storefronts and/or seize the Store Owners' assets. Therefore, should the Store Owners be precluded from intervening in this action, Plaintiff may cause the Store Owners to suffer a loss of control and/or ownership of their respective storefronts and leave the Store Owners with no recourse to dispute the default judgment.

And even if the individuals did appear, the Store Owners' interests would not be represented. As explained above in Section III.B, the relevant defendants have been sued as individuals and are, therefore, subject to a different standard than the Store Owners. Accordingly, the Store Owners might be impaired or impeded from their ability to assert other defenses, such as non-infringement. Consequently, the Store Owners are entitled to intervene in this action as a matter of right under Rule 24(a).

**D.     Alternatively, the Store Owners Should Be Allowed Permissive Intervention Under Rule 24(b)(2).**

Rule 24(b) gives district courts wide discretion to grant permissive intervention. *See Griffith v. University Hosp., L.L.C.*, 249 F.3d 658, 661-62 (7th Cir. 2001). Rule 24(b) intervention based on a "common question of law or fact" is interpreted broadly. *Bond v. Ultreras*, 585 F.3d 1061, 1070 (7th Cir. 2009). Relevant factors include whether the request is timely and whether intervention would delay or prejudice the existing parties. *Southmark Corp. v. Cagan*, 950 F.2d 416, 419 (7th Cir. 1991).

The Store Owners should be permitted to intervene as defendants because their defenses to Plaintiff's claims of copyright infringement share common questions of law and fact with the underlying action, i.e. whether Plaintiff's copyright registrations are valid and whether the alleged display of the accused images on the Store Owners' storefronts infringe Plaintiff's copyright registrations. As explained above in Section III.C.1, this Motion is timely and will not delay or prejudice the existing parties to this action. Thus, the Court should grant the Store Owners permissive intervention under Rule 24(b). *See, e.g., ABS Glob., Inc. v. Inguran, LLC*, No. 14-CV-503-WMC, 2015 WL 1486647, at *5 (W.D. Wis. Mar. 31, 2015).

**IV.     CONCLUSION**

For the foregoing reasons, the Store Owners of the Online Stores respectfully request that the Court grant their Motion pursuant to Rule 12(b)(7) and order Plaintiff to amend the complaint to name the Store Owners. Alternatively, the Store Owners respectfully request that the Court grant the Store Owners' Motion to Intervene under Fed. R. Civ. P. 24, without waiver of any affirmative defenses the Store Owners may have.

                                Respectfully submitted:

Date: October 18, 2024                By:/*Michael P. Adams*

                                Michael P. Adams
                                DYKEMA GOSSETT PLLC
                                111 Congress Avenue, Suite 1800
                                Austin, Texas 78701
                                (512) 703-6300 Phone
                                (512) 703-6399 Fax
                                madams@dykema.com

                                Steven McMahon Zeller
                                DYKEMA GOSSETT PLLC
                                10 S. Wacker Drive, Suite 2300
                                Chicago, Illinois 60606
                                (312) 627-2272 Phone
                                (866) 890-2670 Fax
                                szeller@dykema.com

                                **ATTORNEYS FOR INTERVENORS LISTED HEREIN**

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October 18, 2024 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

                                                   */s/ Michael P. Adams*
                                                   Michael P. Adams

119665.000002  4881-5464-6766.5