IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUN CHENYAN,<br><br>    Plaintiff,<br><br>v.<br><br>THE DEFENDANTS IDENTIFIED ON SCHEDULE A<br><br>    Defendants,<br>and<br><br>THE DEFENDANTS IDENTIFIED ON SCHEDULE B,<br><br>    Intervenor Defendants. | Case No. 20-cv-00220<br><br>**Judge John F. Kness**<br><br>**Magistrate Judge M. David Weisman** |

**PLAINTIFF'S OPPOSED MOTION TO SET RESPONSE DEADLINE TO
THE SECOND AMENDED COMPLAINT [DOC. 317]**

Plaintiff Sun Chenyan ("Plaintiff"), by and through her counsel, Ford Banister LLC, hereby respectfully requests that the Court set a response deadline for the Defendants identified on the Schedule A and the Defendants identified on the Schedule B (collectively, hereinafter, "Defendants") to the Second Amended Complaint to respond to the Second Amended Complaint. [Doc. 317]. In support of its Motion, Plaintiff submits the following:

**Background and Procedural History**

1. Plaintiff initiated this civil case on January 13, 2020. [Doc. 1].

2. On October 18, 2024, Intervenor Defendants Shenzhen Zhiyuan Hongxin Trading Co., Ltd., Shenzhen Dalansco Trading Co., Ltd., Shenzhen Dahuanyi Trading Co., Ltd., Shenzhen Rongwen Technology Co., Ltd., Shenzhen Hengde Shangyi Trading Co., Ltd., Shenzhen Youchensi Trading Co., Ltd., Shenzhen Zhouya Yixuan Trading Co., Ltd., Shenzhen

Yingjieshang Trading Co, Ltd., Shenzhen Chengde Junyi Trading Co., Ltd., Shenzhen Tingxuan Yashi Trading Co, Ltd., Shenzhen Chengde Shangyi Trading Co, Ltd., Shenzhen Buxin Deyi Trading Co., Ltd., Shenzhen Boda Leshang Trading Co., Ltd., Shenzhen Haofang Bangtu Technology Trading Co., Ltd., Shenzhen Zifeng Trading Co., Ltd., Shenzhen Rongde Trading Co., Ltd., and Shenzhen Oushangjia Trading Co., Ltd. (collectively, hereinafter, the "Intervenors") filed their Motion to Intervene in the case. [Doc. 273]. The Court granted this Motion on August 25, 2025. [Doc. 316].

3. On August 25, 2025, the Court directed Plaintiff to file a Second Amended Complaint joining the Intervenors by September 8, 2025. [Doc. 316].

4. On September 8, 2025, Plaintiff timely filed its Second Amended Complaint. [Doc. 317]. In the Second Amended Complaint, Plaintiff amended the case caption to include the Defendants Identified on Schedule B. *Id*. Schedule B identified the Intervenors and which storefront IDs listed on Schedule A the Intervenors were specifically associated with. *Id*.

5. On September 9, 2025, Plaintiff reached out to Defendants to request that they "[p]lease review and, to the extent that there are any questions or objections as to form, please advise." A true and correct copy of Plaintiff's email communications with the Intervenors is attached hereto as Exhibit 1.

6. On September 10, 2025, Plaintiff notified Defendants of their intent to file a Third Amended Complaint to correct a clerical error to Exhibit 3 to the Second Amended Complaint [Doc. 317-3]. Specifically, Plaintiff stated after filing, she noticed "one small error in the certificate of translation that appears at Doc. 317-3 refers to the 'proposed First Amended Complaint.' While the substance of the translation remains unchanged, this small error should be corrected." Exhibit 1 at p. 15.

7.  Via the same dispatch on September 10, 2025, Plaintiff requested as follows:

> Please also let us know as soon as possible whether Defendants have any further concerns regarding the content or presentation of the parties to which it is directed in light of the Court's order of August 25, 2025. [Doc. 316] While Plaintiff believes her presentation is accurate and consistent with the Order and the claims made by the Intervenor Defendants, where there are this many defendants and then Intervenor Defendants that claim to be Chinese companies doing business through various Wish.com storefronts, things may become confused. If there is any alleged error, the parties need to fix it now.

Exhibit 1 at p. 15.

8.  Having received no response to her dispatch of September 10, 2025, Plaintiff followed up with Defendants to again request that they state their position. *Id*. at p. 14.

9.  On September 16, 2025, Intervenors notified Plaintiff of their intent to file a Motion to Dismiss, believing that the Second Amended Complaint did not comply with the Court's Order [Doc. 316]. Exhibit 1 at pp. 12-13.

10. On September 19, 2025, the Intervenors filed their Motion to Extend or Suspend Time to Answer the Second Amended Complaint. [Doc. 318]. Plaintiff was not notified prior to Intervenor's filing, even though there was no impending emergency. Intervenors did not reach out to Plaintiff to discuss a briefing schedule, and did not file a briefing schedule statement on the docket as required by this Court's published case management orders. This Motion was granted on September 26, 2025, without Plaintiff having any opportunity to respond. [Doc. 319].

11. Between September 9 and November 7, 2025, in an attempt to avoid further motion practice on the form of the SAC, Plaintiff directed nine emails to Intervenors to which Defendants responded five times. *See* Exhibit 1.

12. With no response from Defendants forthcoming, Plaintiff followed up on November 26, 2025, at which time it noticed Defendants that in light of the extended communications and lengthy lack of response from Defendants, "It is apparent that the parties

will not be able to resolve this matter without briefing." Exhibit 1 at p. 6. Plaintiff inquired as to when Defendants would file their motion to dismiss and how much time they would need on the reply. *Id*.

13. With efforts to arrive at agreement as to the form of the SAC exhausted, Plaintiff now requests that the Court set a deadline for Defendants to respond to the Second Amended Complaint.

## Argument

9. Fed. R. Civ. P. 10 states "The title of the complaint must name all the parties." *See Myles v. United States*, 416 F.3d 551-52 (7th Cir. 2005) (to be properly considered a party, a defendant must be "specif[ied] in the caption").

10. Even where allegations against specific individuals are made in the body of the complaint, such allegations will not cure a defect in the caption. *See Cui v. Elmhurst Police Dep't*, Case No. 14-cv-08330, 2015 WL 2375252 at *6 (N.D. Ill. May 14, 2015) ("Although Cui mentions specific officers in the body of the complaint, those references are not sufficient to transform the officers into named defendants.").

11. In this case, Plaintiff's Second Amended Complaint names the Intervenors. [Doc. 317]. The Second Amended Complaint also identifies which Defendants its claims are directed towards. *Id*.

12. As the Second Amended Complaint properly lists Intervenor Defendants in the Caption, it is Plaintiff's position that her SAC satisfies the Court's Order [Doc. 316] to join the Intervenors.

13. Plaintiff's stated intent on filing a Motion for Leave to File a Third Amended Complaint is only to correct a single clerical error [Doc. 317-3] in a complaint that is, of

necessity, ungainly. The substance and form of the Second Amended Complaint itself would remain unchanged. Defendants are aware of the clerical error.

14. Plaintiff anticipates Intervenors filing a Motion to Dismiss. Plaintiff hopes that such a motion will give Plaintiff sufficient understanding as to Defendants' position, which was not established during the course of negotiations, as to any perceived shortcomings of the Second Amended Complaint, which Plaintiff may then correct, along with the single clerical error, [Doc. 317-3] or establish through its opposition to Defendants' motion to dismiss that the SAC properly joins the Intervenors.

## **Prayer for Relief**

Based on the foregoing, Plaintiff respectfully requests that the Court grant the following relief:

a) That the Court set a deadline for Intervenor Defendants to respond to the SAC;

b) Any further and additional relief that the Court deems necessary and appropriate.

Respectfully submitted on this 29th of December, 2025.

/s/ L. Ford Banister, II
Bar No. 5446539
Ford Banister IP
305 Broadway – Floor 7
New York, NY 10007
Telephone: 212-500-3268
Email: ford@fordbanister.com
*Counsel for Plaintiff*