IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUN CHENYAN<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>THE DEFENDANTS IDENTIFIED ON SCHEDULE A<br><br>　　　　　　　　Defendants,<br>and<br><br>THE DEFENDANTS IDENTIFIED ON SCHEDULE B,<br><br>　　　　　　Intervenor Defendants. | Case No. 20-cv-00220<br><br>**Judge John F. Kness**<br><br>**Magistrate Judge M. David Weisman** |

**PLAINTIFF'S OPPOSED MOTION TO FOR PARTIAL JUDGMENT ON THE PLEADINGS AS TO DEFENFANTS' AFFIRMATIVE DEFENSES**

Plaintiff Sun Chenyan ("Plaintiff"), by and through the undersigned counsel, hereby respectfully submits her Motion for Partial Judgment on the Pleadings as to Defendants' Affirmative Defenses presented in their Answer to the Second Amended Complaint. [Doc. 331]. In support thereof, Plaintiff submits the following:

**Relevant Background and Procedural History**

1. On September 8, 2025, Plaintiff filed its Second Amended Complaint, alleging violations of 17 U.S.C. § 101, et seq. (copyright infringement) against Defendants Jane Chen, Li Dong "Vivi/Vivian" Fang, Lily Zou, Min Xiao, and the Intervenor Defendants Identified on Schedule B (collectively "Defendants"). [Doc. 317].

2. On February 3, 2026, Defendants filed their Answer to the Second Amended Complaint (Defendants' "Answer"). [Doc. 331].

3. Plaintiff now respectfully requests that the Court enter a Partial Judgment on the Pleadings as to Defendants' Affirmative Defenses.

## Standards of Law

I. **Standard for Partial Judgment on the Pleadings**

Rule 12(c) permits a party to move for judgment on the pleadings after the complaint and answer have been filed, but early enough not to delay trial. Fed. R. Civ. P. 12(c); *Fed. Deposit Ins. Corp. v. FBOP Corp.*, 252 F. Supp. 3d 664, 671 (N.D. Ill. 2017). When all relevant facts are presented, a motion brought through Rule 12(c) is the proper mechanism for addressing the validity of affirmative defenses. *Brownmakr Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (citing *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005); *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009)); *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020) ("the appropriate vehicle for resolving an affirmative defense is a motion for judgment on the pleadings under Rule 12(c)"). Rule 12(c) motions are reviewed under the same standard as Rule 12(b)(6) motions to dismiss. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). In evaluating a motion under Rule 12(c), a court must accept the nonmovant's factual allegations as true and draw all reasonable inferences in the nonmovant's favor, but the court need not accept any "legal assertions" as true. *Wagner v. Teva Pharm. USA, Inc.*, 840 F.3d 355, 358 (7th Cir. 2016). Although review is limited to the pleadings, a court may also take into consideration documents incorporated by reference into the pleadings and matters properly subject to judicial notice. *Milwaukee Police Ass'n v. Flynn*, 863 F.3d 636, 640 (7th Cir. 2017).

A Rule 12(c) motion's customary function is "to dispose of a case based on the substantive merits of the parties' claims and defenses, so far as they are revealed in the pleadings and other information subject to judicial notice." *Lecat's Ventriloscope v. MT Tool and Manufacturing*, 2018

WL 3651592 at *2 (N.D. Ill. Aug. 1, 2018). A court may grant judgment on the pleadings "if no genuine issues of material fact need to be resolved and the moving party is entitled to judgment as a matter of law. *Id*. (citing *U.S. Commodity Futures Trading Comm'n v. Oystacher*, 203 F. Supp. 3d 934, 939 (N.D. Ill. 2016)). If it appears that discovery "is necessary to fairly resolve a claim on the merits," however, "the motion should be denied." *Id*. (citing *Fed. Deposit Ins., Corp.*, 252 F. Supp. 3d at 672). *See GRILL RESCUE LLC d/b/a RESCUE LLC, Plaintiff, v. THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, & UNINCORPORATED ASSOCIATES IDENTIFIED ON SCHEDULE "A," Defendants.*, Case No. 23-cv-15984, 2026 WL 483304 at *1–2 (N.D. Ill. Feb. 20, 2026) (Kness, J.).

## Summary of the Argument

Defendants' affirmative defenses titled "Absence of Copyright Symbol," "Non-Infringement," "Innocent Infringement," "No Immediate or Irreparable Harm for Injunctive Relief," and "No Statutory Damages or Attorney's Fees" each fail as a matter of law and thus should be stricken. Through their conduct, Defendants have waived the defenses of "No Personal Jurisdiction" and "Improper Service." As such, Plaintiff is entitled to a judgment on the pleadings in its favor as to Defendants' Affirmative Defenses.

## Argument

I. **The Court Should Find That Each of Defendants' Affirmative Defenses Fails as a Matter of Law**

   A. <u>The Affirmative Defenses of "Non-Infringement" and "No Immediate or Irreparable Harm for Injunctive Relief" Fails</u>

In support of Defendants' purported affirmative defenses of "Innocent Infringement" and "No Immediate or Irreparable Harm for Injunctive Relief" state only that "[Defendants] have not infringed directly or indirectly, on any valid copyright(s) as alleged by Plaintiff" and "Plaintiff should be precluded from any and all injunctive relief, as she is unable to make the requisite

showing of an immediate threat of irreparable harm." [Doc. 331 at p. 115]. "'An affirmative defense is one that admits the allegations in the complaint, but avoids liability, in whole or in part, by new allegations of excuse, justification or other negating matters.'" *Reed v. Columbia St. Mary's Hosp.*, 915 F.3d 473, 477 n.1 (7th Cir. 2019) (quoting *Divine v. Volunteers of Am. of Ill.*, 319 F. Supp. 3d 994, 1003 (N.D. Ill. 2018)). In other words, "'a true affirmative defense raises matters outside the scope of plaintiff's prima facie case and such matter is not raised by a negative defense....'" *Instituto Nacional De Comercializacion (Indeca) v. Cont'l Ill. Nat'l Bank & Trust Co.*, 575 F. Supp. 985 (N.D. Ill. 1983) (quoting 2A Moore's Federal Practice ¶ 8.27 [4], at 8-260). "In contrast, a so-called 'negative defense' directly challenges the substance of the plaintiff's allegations." *Hubbell v. World Kitchen, LLC*, 688 F. Supp. 2d 401, 422-23 (W.D. Penn. 2010) (quoting *FTC v. Think All Publ'g, L.L.C.*, 564 F. Supp. 2d 663, 665 (E.D. Tex. 2008)). Thus, "a negative defense is the equivalent of a defendant saying, 'I did not do it.'" *Think All Publ'g*, 564 F. Supp. 2d at 665; *see also Bradley v. Vill. of Univ. Park, Illinois*, Case No. 15-cv-8489, 2021 WL 725077 at *1–3 (N.D. Ill. Feb. 22, 2021), rev'd, 59 F.4th 887 (7th Cir. 2023).

"Non-Infringement" and "No Immediate or Irreparable Harm for Injunctive Relief" are not affirmative defenses but merely negate the allegations of Plaintiff's Second Amended Complaint, upon which she relies to support her request for continuing injunctive relief. [Doc. 317 at ¶¶ 38, 347]. Thus, Defendants' affirmative defenses of "Non-Infringement" and "No Immediate or Irreparable Harm for Injunctive Relief" are negative defenses that Defendants have improperly put forth as affirmative defenses.

District courts considering the issue are seemingly uniform in rejecting attempts to posit negative defenses as affirmative defenses. *See Park Ridge Sports, Inc. v. Park Ridge Travel Falcons*, Case No. 20-cv-2244, 2020 WL 8409295 at *2 (N.D. Ill. Aug. 26, 2020) (Guzman, J.)

("Defendants state in their Eleventh Affirmative Defense that plaintiff cannot obtain injunctive relief because it cannot show it will suffer any irreparable harm from defendants' actions. It is improper to assert something as an affirmative defense that is nothing more than a denial of an allegation contained in the complaint."); *Pac. Digital Grp. V. Blue Media Mktg.*, Case No.: 3:20-cv-1976-AJB-BGS, 2021 WL 5768124 at *5 (S.D. Cal. Feb. 9, 2021) ("Defendants' defense of no entitlement to injunctive relief ... is also stricken because it is 'essentially a denial of [Plaintiffs'] claim for injunctive relief, not an affirmative defense.'" (quoting *DC Labs Inc. v. Celebrity Signatures Int'l, Inc.*, Case No. 12-CV-01454 BEN DHB, 2013 WL 4026366 at *6 (S.D. Cal. Aug. 6, 2013)); *Acuity Optical Lab'ys, Inc. v. Davis Vision, Inc.*, Case No. 14-cv-3231, 2014 WL 5900994 at *6–7 (C.D. Ill. Nov. 13, 2014) ("Petitioner bears the burden of showing a substantial likelihood of success and no adequate remedy at law in support of the request for injunctive relief, and the Petition contains such allegations. Respondent denied those allegations. Therefore, the Court strikes Affirmative Defense No. 12 as redundant.") (internal citation omitted); *Shield Techs. Corp. v. Paradigm Positioning, LLC*, 2012 WL 4120440 at *10 (N.D. Ill. Sept. 19, 2012) (striking "affirmative defenses that are more properly characterized as denials of [plaintiff's] allegations"); *Allstate Ins. Co. v. Electrolux Home Prod., Inc.*, Case No. 11-cv-7494, 2012 WL 1108424 at *1 (N.D. Ill. Apr. 2, 2012) (citing *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 736 (N.D. Ill. Feb. 16, 1982)) (A court may strike an affirmative defense that "merely raises matters already at issue under a denial.") (collecting cases). Accordingly, Defendants' purported affirmative defenses of "Non-Infringement" and "No Immediate or Irreparable Harm for Injunctive Relief" are nothing more than negative defenses.

  B. <u>The Affirmative Defense "No Statutory Damages or Attorney's Fees" Fails</u>

Similarly, in support of their attempted defense of "No Statutory Damages or Attorney's Fees," Defendants state that "Plaintiff is not entitled to statutory damages or attorneys' fees

pursuant to 17 U.S.C. § 412." [Doc. 331 at p. 115]. The denial of availability of damages, whether actual or statutory, is not an affirmative defense but rather a mere denial of Plaintiff's claim. *See Bradley*, Case No. 15-cv-8489, 2021 WL 725077 at *3 ("The most obvious examples of so-called negative defenses in Defendants' Affirmative Defenses are XIV (no damages) and XVI (no injury)..."); *Levin v. Abramson*, Case No. 18-cv-1723, 2020 WL 2494649 at *14 (N.D. Ill. May 13, 2020) (citation omitted) ("[T]he court strikes Abramson's second defense ("No Damages"). It is not a proper affirmative defense, since for the purposes of responding to Levin's complaint (as opposed to establishing his counterclaim), Abramson does not bear the burden of proof on the issues of damages."); *Malibu Media, LLC v. Batz*, Case No. 12-CV-01953-WYD-MEH, 2013 WL 2120412 at *4 (D. Colo. Apr. 5, 2013), report and recommendation adopted, Case No. 12-CV-01953-WYD-MEH, 2013 WL 2115236 (D. Colo. May 15, 2013) (striking affirmative defense titled "Barring of Statutory Damages and Attorneys Fees"); *Purzel Video GmbH v. Smoak*, 11 F. Supp. 3d 1020, 1032 (D. Colo. 2014) (striking affirmative defense alleging that "Plaintiff's claims are barred because under the circumstances the statutory damages are grossly excessive."); *Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 431 (S.D.N.Y. 2010) (finding that affirmative defense alleging that "Plaintiffs are not entitled to statutory copyright damages or attorney fees because the copyright registration was filed more than three months after Plaintiffs' OP Art design was published and after the alleged infringement" is a mere denial as opposed to an affirmative defense."); *Cassetica Software, Inc. v. Computer Scis. Corp.*, Case No. 11-cv-2187, 2011 WL 4431031 at *5 (N.D. Ill. Sept. 22, 2011) (Lienenweber, J.) ("Next, Cassetica seeks to strike CSC's affirmative defense that Plaintiff has suffered no damages by way of the conduct complained of in the Complaint. Although Cassetica seeks both actual and statutory damages, actual damages are not a necessary element of its copyright claims. An affirmative defense, by definition, admits the

matters in the complaint, but suggests a reason why the plaintiff nonetheless cannot recover. Because a lack of actual damages does not call Cassetica's right of recovery into question, the defense of lack of damages is stricken with prejudice.") (citations omitted); *Weifang Tengyi Jewelry Trading Co. Ltd v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, Case No. 18-cv-04651, 2019 WL 3889626 at *6 (N.D. Ill. Aug. 19, 2019) (finding that allegation that plaintiff could not collect actual or statutory damages is not an affirmative defense but a mere denial of plaintiff's claim and collecting cases). Consistent with the foregoing case law and because a denial of the availability of statutory damages is a negative, rather than an affirmative defense, Plaintiff respectfully submits that Defendants' defense of "No Statutory Damages or Attorney's Fees" is properly stricken.

    C.    <u>The Affirmative Defense "Absence of Copyright Symbol" Fails</u>

For their purported affirmative defense of "Absence of Copyright Symbol," Defendants submit that "Plaintiff failed to use a copyright symbol on any of the alleged copyrights which are the subject of this lawsuit; thus, Plaintiff is precluded from seeking willful damages, and any damages are subject to being reduced. *See* 17 USC §§ 401 and 504." [Doc. 331 at p. 114]. Neither cited code section contains anything that might be construed as precluding a finding that infringement was willful where a copyright holder does not place a copyright symbol on their registered works. Under the current version of 17 U.S.C. § 401(a) (in effect since 1989), notice of the copyright on the document is permissive, not mandatory. *See* 17 U.S.C. § 401(a); *see also Norma Ribbon & Trimming, Inc. v. Little*, 51 F.3d 45, 48 (5th Cir.1995) (internal citation omitted) ("[S]ince the Berne Convention Implementation Act of 1988 ... notice is no longer a prerequisite to copyright protection."); *PODS, Inc. v. Porta Stor, Inc.*, 484 F.3d 1359, 1370 (Fed. Cir. 2007); *Stereo Optical Co. v. Judy*, Case No. 08-cv-2512, 2010 WL 1416208 at *3 (N.D. Ill. Apr. 1, 2010) (Kocoras, J.). "Rather than operate as a forfeiture of copyright, the failure to properly notice a

copyright now serves only to buttress an infringer's claim that any infringement was 'innocent.'" *Pk Studios, Inc. v. R.L.R. Invs., LLC*, Case No. 2:15-CV-389-FTM-99CM, 2016 WL 4529323 at *5 (M.D. Fla. Aug. 30, 2016) (citing 17 U.S.C. § 401(d)) ("If a notice of copyright in the form and position specified by this section appears on the published copy or copies to which a defendant in a copyright infringement suit had access, then no weight shall be given to such a defendant's interposition of a defense based on innocent infringement in mitigation of actual or statutory damages....").

Further, consistent with the current version of 17 U.S.C. § 401, courts have stricken attempts to present an alleged lack of copyright notice as an affirmative defense. *See McCullough v. Owens Enterprises, Inc.*, Case No. 3:07CV527TSL-JCS, 2008 WL 2374245 at *3 (S.D. Miss. June 5, 2008) (internal citation omitted) ("Defendant's ninth defense is that plaintiff's copyright is invalid because of 'Plaintiff's sale of said works without affixing any copyright notice thereto as required by statute.' However, while such notices once were required as a prerequisite to the extension of copyright protection, that is no longer the case. Accordingly, there is no merit to defendant's ninth defense, and it will be stricken."); *Malibu Media, LLC v. Cuddy*, Case No. 13-cv-02385-WYD-MEH, 2015 WL 1280783 at *8 (D. Colo. Mar. 18, 2015) ("[E]ven if Defendant is correct that Plaintiff has failed to attach copyright notices to its works, the Plaintiff cannot be found to have waived and/or abandoned its copyrights where affixing such notices is permissive rather than required. Accordingly, the Court finds that Defendant's waiver and abandonment defenses cannot succeed under any circumstance in this case and recommends that the District Court grant Plaintiff's motion to strike Defendants' fifth and seventh defenses."); *Mike Rosen & Assocs., P.C. v. Omega Builders, Ltd.*, 940 F. Supp. 115, 119 (E.D. Pa. 1996) ("Defendant Omega's fourth affirmative defense also has no merit. Defendant Omega alleges that Plaintiff Rosen failed

to mark the copies of the alleged Architectural Work with any copyright notice... Defendant Omega has not alleged that publication of the Architectural Work pre-dated 1989; thus, its allegations are conclusory and without merit."); *Pk Studios*, Case No. 2:15-CV-389-FTM-99CM, 2016 WL 4529323 at *5 ("[S]ince the Berne Convention Implementation Act of 1988... notice is no longer a prerequisite to copyright protection, and thus, the failure to notice a copyright is not an affirmative defense. Accordingly, the Court strikes affirmative defense eighteen.").

While Plaintiff respectfully submits that Defendants fail to plead sufficient facts to inform any response, to the extent that Defendants posit that Plaintiff is precluded from seeking willful damages due to an alleged lack of copyright notice, Defendants have failed to state a claim upon relief can be granted as no authority supports this allegation.

D. The Affirmative Defense "Innocent Infringement" Fails

Defendants' related and somewhat overlapping defense of "Innocent Infringement" fares no better. Defendants state only that "Any copyright infringement by Defendants was innocent." [Doc. 331 at p. 115]. "[T]he law is clear that intent is not an essential element of copyright infringement. While absence of knowledge or intention may affect the shaping of remedies, it is not a defense." *Photofile, Inc. v. Graphicomp Sys.*, Case No. 92-cv-8414, 1993 WL 375769 at *2 (N.D. Ill. Sept. 22, 1993) (citing *Fitzgerald Pub. Co., Inc. v. Baylor Pub. Co., Inc.*, 807 F.2d 1110 (2nd Cir.1986)). 17 U.S.C. § 504(c) merely provides that "where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court [in] its discretion may reduce the award of statutory damages to a sum of not less than $200." 17 U.S.C. § 504(c)(2). The statute also provides for increased damages when a copyright owner has shown that the infringement was committed willfully. *Id*. Thus, although the statute provides a lesser sanction for innocent

infringements, it clearly contemplates that such infringements are actionable. *See Columbia Pictures Indus., Inc. v. Zakarian*, Case No. 90-cv-4057, 1991 WL 93889 at *4 (N.D. Ill. May 28, 1991); *ISC-Bunker Ramo Corp. v. Altech, Inc.*, 765 F. Supp. 1310, 1330 (N.D. Ill. 1990).

Thus, Defendants cannot defeat Plaintiff's claim merely by positing, in conclusory fashion, that fails to place Plaintiff on notice of the basis for their defense, that their acts of copyright infringement were innocent. Courts addressing similar attempts to present a lack of intent as a defense to liability have come to the same conclusion. *See Ocean Atl. Woodland Corp. v. DRH Cambridge Homes, Inc.*, Case No. 02-cv-2523, 2003 WL 1720073 at *4 (N.D. Ill. Mar. 31, 2003) ("[D]efendants raise as Affirmative Defense VII the theory that Ocean Atlantic Woodland's claims are defeated by way of innocent infringement under the Copyright Act. Defendants incorrectly state that innocent infringement is an affirmative defense under 17 U.S.C. § 504(c), a section that instead refers to innocent infringement as a mitigating factor with regard to damages for infringement... Therefore, the Court grants plaintiff's motion to strike Affirmative Defense VII and strikes it with prejudice."); *Park Ridge Sports, Inc. v. Park Ridge Travel Falcons*, Case No. 20-cv-2244, 2020 WL 8409295 at *2 (N.D. Ill. Aug. 26, 2020) ("In their Sixth Affirmative Defense, defendants assert that plaintiff's claims are barred in whole or in part because their infringement, if any, was innocent...It is improper to assert something as an affirmative defense that is nothing more than a denial of an allegation contained in the complaint."); *Live Face on Web, LLC v. Natchez Bd. of Realtors, Inc.*, Case No. 5:17-CV-122-DCB-MTP, 2018 WL 1247880 at *3 (S.D. Miss. Mar. 9, 2018) (citation omitted) ("The affirmative defense of innocent infringement cannot succeed under any set of facts because it is not, in fact, an affirmative defense to infringement liability. And the innocence of an infringer is not relevant where, as here, the plaintiff asks for actual, rather than statutory, damages. The Court therefore GRANTS Live Face's Motion to Strike

the Board's seventh affirmative defense, innocent infringement."); *Pk Studios*, Case No. 2:15-CV-389-FTM-99CM, 2016 WL 4529323 at *4. Based on the foregoing, Plaintiff respectfully requests that the Court find that Defendants' posited affirmative defense of "Innocent Infringement" fails as a matter of law and should be denied..

   E. <u>Defendants' Attempted Reservation of Rights Fails</u>

  In their Answer, Defendants posit that they "reserve the right to amend and/or supplement its affirmative defenses as may become apparent during discovery." [Doc. 331 at p. 115]. The Federal Rules require a party to "affirmatively state" any "affirmative defense" in its responsive pleading. Fed. R. Civ. P. 8(c). Failing to comply with the rule may forfeit the defense, so that a defendant could be precluded from later relying on it at summary judgment or trial. *Blue Book Servs., Inc. v. Amerihua Produce, Inc.*, 337 F. Supp. 3d 802, 808 (N.D. Ill. 2018) (citing *Dresser Indus., Inc. v. Pyrrhus AG*, 936 F.2d 921, 928 (7th Cir. 1991)). "There is no procedure for reserving a right to plead affirmative defenses at a later date." *Dresser*, 936 F.2d at 928 n.6. As Judge Seeger explained, "A reservation of rights is not an affirmative defense. It is unnecessary, too, because there is no procedure for reserving a right to plead affirmative defenses at a later date. To the extent that Defendants asserted an affirmative defense reserving rights, the Court strikes it because it has no meaning. Defendants have no rights to reserve. If Defendants want to assert more defenses later, they can ask this Court for leave to amend. But in the meantime, this Court is not taking reservations for future motions." *Aylin & Ramtin, LLC v. Barnhardt*, Case No. 19-cv-3402, 2022 WL 658786 at *4 (N.D. Ill. Mar. 4, 2022) (internal punctuation and citations omitted) (Seeger, J.); *see also Aller-Caire, Inc. v. Am. Textile Co.*, Case No. 07-cv- 4086 at *4 (N.D. Ill. Feb. 11, 2009); *Manley v. Boat/U.S. Inc.*, Case No. 13-cv-5551, 2016 WL 1213731 at *6 (N.D. Ill. Mar. 29, 2016); *Leonard v. Trustees of Indiana Univ.*, Case No. 1:19-cv-00963-JRS-MJD, 2019 WL 3306181 at

*3 (S.D. Ind. July 23, 2019). Defendants' attempt to avoid the requirement that they present all affirmative defenses in their responsive pleading likewise fails as a matter of law.

## II. Defendants have Waived the Defenses of "No Personal Jurisdiction" and "Improper Service" Through its Conduct

On February 27, 2026 Defendants stipulated that they withdraw their defenses of "No Personal Jurisdiction" and "Improper Service." Plaintiff respectfully requests that the Court memorialize this stipulation via a Court Order.

### Prayer for Relief

In light of the foregoing, Plaintiff respectfully requests that the Court:

1) Enter an Order for Judgment on the Pleadings in favor of Plaintiff with respect to the Affirmative Defenses listed in Defendants' Answer to the Second Amended Complaint; and

2) Provide any other relief that the Court deems proper and just.

Respectfully submitted this 3rd day of March, 2026,

/s/ L. Ford Banister, II
Bar No. 5446539
Ford Banister IP
305 Broadway - Floor 7
New York, NY 10007
Telephone: 212-500-3268
Email: ford@fordbanister.com
*Attorney for Plaintiff*