IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUN CHENYAN<br><br>       Plaintiff,<br>v.<br><br>THE DEFENDANTS IDENTIFIED ON SCHEDULE A<br><br>       Defendants,<br>and<br><br>THE DEFENDANTS IDENTIFIED ON SCHEDULE B,<br><br>       Intervenor Defendants. | Case No. 20-cv-00220<br><br>**Judge John F. Kness**<br><br>**Magistrate Judge M. David Weisman** |

**PLAINTIFF'S OPPOSED MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS AS TO LIABILITY**

Plaintiff Sun Chenyan ("Plaintiff"), by and through the undersigned counsel, hereby respectfully submits its Motion for Partial Judgment on the Pleadings. In support thereof, Plaintiff submits the following:

**Relevant Background and Procedural History**

1. On September 8, 2025, Plaintiff filed its Second Amended Complaint, alleging violations of 17 U.S.C. § 101, et seq. (copyright infringement) against Defendants Jane Chen, Li Dong "Vivi/Vivian" Fang, Lily Zou, Min Xiao, and the Intervenor Defendants Identified on Schedule B (collectively "Defendants"). [Doc. 317].

2. On February 3, 2026, Defendants filed their Answer to the Second Amended Complaint (Defendants' "Answer"). [Doc. 331].

3. Contemporaneously with this Motion, Plaintiff filed its Motion for Partial Judgment on the Pleadings as to Defendants' Affirmative Defenses.

4.      Plaintiff now respectfully moves for Partial Judgment on the Pleadings as to liability on her copyright claim.

## Standards of Law

**I.     Standard for Partial Judgment on the Pleadings for Copyright Infringement**

Rule 12(c) permits a party to move for judgment on the pleadings after the complaint and answer have been filed, but early enough not to delay trial. Fed. R. Civ. P. 12(c); *Fed. Deposit Ins. Corp. v. FBOP Corp.*, 252 F. Supp. 3d 664, 671 (N.D. Ill. 2017). Rule 12(c) motions are reviewed under the same standard as Rule 12(b)(6) motions to dismiss. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). In evaluating a motion under Rule 12(c), a court must accept the nonmovant's factual allegations as true and draw all reasonable inferences in the nonmovant's favor, but the court need not accept any "legal assertions" as true. *Wagner v. Teva Pharm. USA, Inc.*, 840 F.3d 355, 358 (7th Cir. 2016). Although review is limited to the pleadings, a court may also take into consideration documents incorporated by reference into the pleadings and matters properly subject to judicial notice. *Milwaukee Police Ass'n v. Flynn*, 863 F.3d 636, 640 (7th Cir. 2017).

A Rule 12(c) motion's customary function is "to dispose of a case based on the substantive merits of the parties' claims and defenses, so far as they are revealed in the pleadings and other information subject to judicial notice." *Lecat's Ventriloscope v. MT Tool and Manufacturing*, 2018 WL 3651592 at *2 (N.D. Ill. Aug. 1, 2018). A court may grant judgment on the pleadings "if no genuine issues of material fact need to be resolved and the moving party is entitled to judgment as a matter of law. *Id*. (citing *U.S. Commodity Futures Trading Comm'n v. Oystacher*, 203 F. Supp. 3d 934, 939 (N.D. Ill. 2016)). If it appears that discovery "is necessary to fairly resolve a claim on the merits," however, "the motion should be denied." *Id*. (citing *Fed. Deposit Ins., Corp.*, 252 F.

Supp. 3d at 672). *See GRILL RESCUE LLC d/b/a RESCUE LLC, Plaintiff, v. THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, & UNINCORPORATED ASSOCIATES IDENTIFIED ON SCHEDULE "A," Defendants*, Case No. 23-cv-15984, 2026 WL 483304 at *1–2 (N.D. Ill. Feb. 20, 2026) (Kness, J.).

In order for a Court to enter judgment on the pleadings on a claim of copyright infringement, the Court requires "the copyrighted and allegedly infringing articles; nothing else is needed." *Am. Med. Ass'n v. 3Lions Publ'g, Inc.*, Case No. 14-cv5280, 2015 WL 6701773 at *3 (N.D. Ill. Nov. 2, 2015) (citing B*rownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 691 (7th Cir. 2012)) ("District courts need not, and indeed ought not, allow discovery when it is clear that the case turns on facts already in evidence.") (Kendall, J.); *see also Hobbs v. John*, 722 F.3d 1089, 1095-96 (7th Cir. 2013) (dismissing based on lack of substantial similarity at the pleading stage and holding, "as a matter of law," that two songs are not "substantially similar," affirming dismissal of copyright claims on a motion to dismiss) (Kendall, J.); *Peters v. West*, 692 F.3d 629, 636 (7th Cir. 2012) (concluding that plaintiff's "claim for copyright infringement fails as a matter of law" at the motion to dismiss stage); *Culver Franchising Sys., Inc. v. Steak N Shake Inc.*, Case No. 16-cv-72, 2016 WL 4158957 at *8 (N.D. Ill. Aug. 5, 2016) (collecting cases); *Skyline Design, Inc. v. McGrory Glass, Inc.*, Case No. 12-cv-10198, 2014 WL 258564 at *2 (N.D. Ill. Jan. 23, 2014) (considering all elements of copyright infringement on a Rule 12(c) motion) (Chang, J.); *Lombardo v. Dr. Seuss Enters., L.P.*, 279 F. Supp. 3d 497, 504–05 (S.D.N.Y. 2017), aff'd, 729 F. App'x 131 (2d Cir. 2018).

## Argument

I.  **Partial Judgment on the Pleadings Should be Granted as to Plaintiff's Claim for Copyright infringement Under 17 U.S.C. § 101, et seq.**

First, to establish copyright infringement, Plaintiff has met its burden to prove two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Peters v. West*, 692 F.3d 629, 632 (7th Cir. 2012) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991)). As to the first element, Plaintiff has attached to her Second Amended Complaint and has placed on record via her declaration Copyright Registration No. VA 2-111-313 which has an effective registration date of July 11, 2018. [Doc. 6-2, 317-2]. The registration of a copyright creates a *prima facie* presumption of validity of a copyright. *See* 17 U.S.C. § 410(c). In addition, the Court may take judicial notice of Plaintiff's copyright registration as published in the Copyright Office's official registry. *See* Fed. R. Evid. 201(b)(2) (courts may take judicial notice of facts within the public domain and public records if such facts and records are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."); *Island Software Computer Serv. Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005) (stating that district courts are entitled to take judicial notice of federal copyright registrations, as published in the Copyright Office's registry). Plaintiff respectfully submits that her valid copyright registration satisfies the first element of the test for copyright infringement.

As to the second element, direct evidence of copying is only rarely available. *Design Basics, LLC v. Lexington Homes, Inc.*, 858 F.3d 1093, 1099 (7th Cir. 2017). A plaintiff may also "prove copying by showing that the defendant had the opportunity to copy the original (often called 'access') and that the two works are 'substantially similar,' thus permitting an inference that the defendant actually did copy the original." *Id*. (citing *Peters*, 692 F.3d at 633). "Access (and copying) may be inferred when two works are so similar to each other and not to anything in the public domain that it is likely that the creator of the second work copied the first, but the inference

can be rebutted by disproving access or otherwise showing independent creation...." *Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1171 (7th Cir. 1997).

Substantial similarity may be appropriately determined by the court on a judgment on the pleadings. *Theotokatos v. Sara Lee Personal Products*, 971 F. Supp. 332, 340 (N.D. Ill. 1997) ("Where, as here, both the protected and accused works are attached to the complaint, a court may compare the works and determine as a matter of law whether they are substantially similar with respect to copyrightable material") (internal citations omitted). In the opinion of *JCW Investments, Inc. v. Novelty, Inc.* the Seventh Circuit upheld the District Court's finding of substantial similarity on a summary judgment posture. 482 F.3d 910 (7th Cir. 2007). "The test for substantial similarity is an objective one." *Id.* at 916. The *JCW Investments* court compared photographs of the copyrighted image of a doll to the image of the alleged infringing doll and held as follows:

> In the end, despite the small cosmetic differences, the two dolls give off more than a similar air. The problem is not that both Fred and Fartman have black hair or white tank tops or any other single detail; the problem is that the execution and combination of features on both dolls would lead an objective observer to think they were the same. We conclude that no objective person would find these dolls to be more than minimally distinguishable. To the contrary, they are substantially similar. That, in combination with Green's access, compels an inference of copying. Indeed, the dolls are so similar that an inference of copying could be drawn even without the evidence of access.

*Id.* (internal citations omitted).

In this case, Defendants' unauthorized copies are identical to the SU.CHENY Works. *See* Exhibit 1 (containing a side-by-side comparison of the SU.CHENY Works with each of the Defendants' infringing listings)]. The objective viewer can plainly see the substantial similarity between the two images. In fact, the similarity between the images is striking. No element of dissimilarity can be discerned, aside from the absence of the "su.cheny" watermark from Defendants' images. *Sun Chenyan v. The P'ships, et al.*, Case No. 19-cv-06381 (N.D. Ill. Aug. 27,

2025) [Doc. 443 at pp. 14-15] ("Here, I look to the protectable elements of the works. And in all aspects bar one… the photos are identical… the defendants' photographs share enough unique features that it is clear the copying constituted "improper appropriation." … Defendants did not independently take or create the images. No reasonable jury could possibly find them to be unidentical or coincidental. I find the photos are substantially similar and a reasonable ordinary observer could not possibly conclude otherwise.").

Clearly the images are "so similar to each other and not to anything in the public domain that it is likely that the creator of the second work copied the first" as contemplated by the opinion of *Ty v. GMA Accessories*, 132 F.3d at 1171. Such blatant copying infringes upon Plaintiff's exclusive rights under 17 U.S.C. §§ 106. Defendants have submitted no issue of fact or law to dispute Plaintiff's claim, and Plaintiff is entitled to judgment on the pleadings in its favor for its claim of copyright infringement.

### Prayer for Relief

In light of the foregoing, Plaintiff respectfully requests that the Court enter an Order:

a) Granting judgment on the pleadings in favor of Plaintiff as to Defendants' liability on Plaintiff's claim of copyright infringement; and

b) Granting any other relief the Court deems proper and just.

Respectfully submitted this 3rd day of March, 2026,

/s/ L. Ford Banister, II
Bar No. 5446539
Ford Banister IP
305 Broadway - Floor 7
New York, NY 10007
Telephone: 212-500-3268
Email: ford@fordbanister.com
*Attorney for Plaintiff*